IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00280-GPG

BASIL LOUD HAWK,

    Applicant,

v.

WARDEN FCI Florence,

    Respondent.

## ORDER DISMISSING CASE

Applicant, Basil Loud Hawk, is in the custody of the Federal Bureau of Prisons and is incarcerated at the Federal Correctional Institution in Florence, Colorado. He has filed, *pro se*, an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (ECF No. 1).

Mr. Loud Hawk was convicted, pursuant to his guilty plea, in the United States District Court for the District of South Dakota, of two counts of second-degree murder in Indian country, and a single count using a firearm while committing a violent crime. See *United States v. Loud Hawk*, 245 F.3d 667, 668 (8th Cir. 2001). He was sentenced to concurrent 60-year terms on the two murder counts and a consecutive 10-year sentence for discharging a firearm during commission of the murders. *Id.* at 669. The Eighth Circuit Court of Appeals affirmed his sentences on direct appeal. *See id.* at 669-70. Mr. Loud Hawk thereafter filed two motions for relief under 28 U.S.C. § 2255 in the sentencing court, which were denied as untimely and successive.

In the § 2241 Application, Mr. Loud Hawk asserts several claims based on the underlying premise that the murder convictions and sentences are illegal because the District of South Dakota did not have jurisdiction to extradite him from the Sioux Nation without permission, and then convict him for murdering members of the Sioux Nation on tribal property. (ECF No. 1). For relief, Applicant asks the Court to vacate the criminal sentences.  (*Id.* at 10).

On February 8, 2016, Magistrate Judge Gordon P. Gallagher entered an Order Directing Applicant to Show Cause, in writing, within 30 days, why the § 2241 Application should not be denied because Applicant had an adequate and effective remedy under 28 U.S.C. § 2255.  (ECF No. 4). *See Abernathy v. Wands,* 713 F.3d 538 (10th Cir. 2013); *Prost v. Anderson,* 636 F.3d 578, 583-84 (10th Cir. 2011).

On February 22, 2016, Mr. Loud Hawk filed a Motion to Withdraw Without Prejudice (ECF No. 5), in which he asks that he be allowed to dismiss the § 2241 application.

Fed. R. Civ. P. 41(a)(1) provides that "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . ."  No responsive pleading has been filed by Respondent in this action.  Further, a voluntary dismissal under Rule 41(a)(1) is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is necessary.  *See* J. Moore, Moore's Federal Practice ¶ 41.02(2) (2d ed. 1995); *Hyde Constr. Co. v. Koehring Co.*, 388 F.2d 501, 507 (10th Cir. 1968).  The Motion, therefore, closes the file as of February 22, 2016.  *See Hyde Constr. Co.*, 388 F.2d at 507.  Accordingly, it is

ORDERED that the Motion to Withdraw Without Prejudice (ECF No. 5) is GRANTED and this action is dismissed pursuant to Fed. R. Civ. P. 41(a)(1).   It is

FURTHER ORDERED that the voluntary dismissal is without prejudice and is effective as of February 22, 2016, the date Plaintiff filed the Motion requesting voluntary dismissal of this action.   It is

FURTHER ORDERED that the Application for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action (ECF No. 2) is DENIED AS MOOT.

DATED February 25, 2016, at Denver, Colorado.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court